UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SOUTH | ) | |
| INS. CO. and WILLIAM ELY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil No. 05-198-GFVT |
| VS. | ) | |
| | ) | |
| | ) | |
| CATERPILLAR, INC. | ) | **OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court in consideration of the Motion to Dismiss [Record No. 29]

filed by the Defendant. In support of its Motion, the Defendant submits a memorandum of law and

various exhibits demonstrating the Plaintiffs' failure to prosecute their claims or to comply with an

Order of the court compelling the production of certain discovery. [Id., Attachments 1-7]. The

Plaintiffs failed to respond to the Defendant's Motion. The Court entered an Order requiring the

Plaintiffs to show cause as to why this action should not be dismissed with prejudice. [Record No.

30]. The Plaintiffs likewise failed to respond to that Order. Accordingly, pursuant to Fed. R. Civ.

P. 37(b)(2)(C) and 41(b), and for the reasons set forth below, the Court will grant the Defendant's

Motion and dismiss this action with prejudice.

## BACKGROUND

The Defendant removed this personal injury action to this Court from the Knott Circuit Court

on June 21, 2005, based on diversity jurisdiction pursuant to 28 U.S.C. §1441. [Record No. 1].

During the first few months, the parties conducted routine pretrial procedure, including submitting

a Report of Parties' Planning Meeting [Record No. 9]. The Court entered a Scheduling Order which

included case management information, as well as set discovery deadlines. [Record No. 10]. The

Order referred discovery disputes to Magistrate Judge Peggy E. Patterson, but required the parties

to confer in "good faith" prior to bringing any disputes before the Court. [Id.]. On September 29,

2005, the Defendant tendered written discovery requests to the Plaintiffs. [Record No. 26,

Attachment 1]. Nearly seven months have passed and the Plaintiffs have provided no response, to

the Court or the Defendant, to the specific requests or to provide any general basis for the

noncompliance. Essentially, the Defendant has been forced to engage in a monthly request for the

discovery responses which culminated in the current motion before the Court.

First, the Defendants granted the Plaintiffs a two-week extension in late October or early

November of 2005. [Id., Attachment 3]. When the discovery responses were never provided, the

Defendants inquired of their status by letter dated December 7, 2005. [Id., Attachment 4]. The

Defendants received no response to the initial written inquiry. [Id., Attachment 1]. A second letter

was sent to the Plaintiffs on January 3, 2006. [Id., Attachment 5]. The Plaintiffs again did not

respond to the letter or provide the written discovery responses. [Id., Attachment 1]. Next, the

parties engaged in a telephonic status conference with the Magistrate Judge, whereby the Plaintiffs

were ordered to respond to the written discovery requests by January 16, 2006. [Record no. 25].

When the Plaintiffs failed to provide the Court-ordered discovery, the Defendant filed a Motion to

Compel on January 24, 2006. [Record No. 26]. No written response was filed by the Plaintiffs.

Magistrate Judge Patterson set the matter for hearing on February 23, 2006, and ordered the parties

to "confer" to try to resolve the matter prior to the hearing. [Record No. 27]. Accordingly, the

Defendant wrote two letters and left two telephone messages for Plaintiffs' counsel - all of which

went unreturned. [Record No. 29, Attachment 6]. Ultimately a telephonic conference was held

before Magistrate Patterson, which the Plaintiffs' counsel attended, where the Defendant's motion to compel was sustained and the Plaintiffs were ordered to answer the outstanding discovery "by no later than TUESDAY, FEBRUARY 28, 2006." [Record No. 28]. Consistent with past performance, the Plaintiffs did not answer the propounded discovery or otherwise respond to the Court's Order. The Defendant filed the instant motion to dismiss on March 8, 2006. [Record No. 29]. No written response was filed by the Plaintiffs.

This Court, in an effort to provide the Plaintiffs with one final opportunity to actively pursue their claims, entered a show cause order on April 17, 2006. [Record No. 30]. Unremarkably, the Plaintiffs have failed to respond to the Court's Order. At this point, the Plaintiffs have failed to comply with three Court Orders compelling them to either produce the requested discovery or to justify why they had not done so. This recalcitrance is in addition to the Plaintiffs' disregard for the Defendant's considerable efforts to resolve this dispute extrajudicially. Finding no just cause for Plaintiffs' behavior, this Court is left with no choice but to dismiss this action with prejudice.

### ANALYSIS

The Federal Rules of Civil Procedure provide the Court with two tools of dismissal when a party disobeys a court order and/or fails to cooperate in the discovery process. First, Fed. R. Civ. P. 37 provides that if a "party fails to obey an order to provide or permit discovery," the court may impose a number of sanctions including an order "dismissing the action." Fed. R. Civ. P. 37(b)(2)(C). Likewise, the Court may dismiss an action with prejudice for the "failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). To determine whether dismissal is an appropriate sanction for disobedience of a court order compelling discovery is appropriate under either of these Rules, the Court must consider the

following four factors:  (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the disobedient party's failure to cooperate in discovery; (3) whether the disobedient party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-367 (6th Cir. 1997), *cert denied*, 522 U.S. 868 (1997).  To warrant dismissal, there must be a clear record of delay or "contumacious" conduct.  *See id.*  After a careful review of the Plaintiffs' behavior in light of these factors, this Court finds that the circumstances of this case warrant dismissal.

First, the Court believes that the Plaintiffs' failure to comply with court-ordered discovery evidences a clear record of delay and "contumacious" conduct that disregards the effect of that conduct on the pretrial proceedings in this action.  *See id.*; *see also Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citations omitted) (culpability exists where conduct displays "'an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'").  Counsel for the Plaintiffs has received repeated requests for the relevant discovery, both from opposing counsel and from this Court.  Undoubtedly, the Plaintiffs are aware of their obligations under the Rules and the Orders.  First, the Plaintiffs participated in the preparation of the joint report of planning meeting,  which precipitated the Scheduling Order [Record Nos. 9 & 10], and both of which address the parties' obligation to provide certain pretrial discovery.  Moreover, the Plaintiffs requested an extension of their time to respond [Record No. 29, Attachment 2] which operates as an acknowledgment of their responsibility to provide the information or at least respond to the requests.  After requesting the extension, the Plaintiffs still failed to respond to the discovery requests.  Further, the Plaintiffs have appeared, by counsel, at two telephonic conferences with the

Magistrate Judge regarding this discovery. On both occasions, the Plaintiffs were advised orally and ordered in writing to provide responses to the discovery requests. The Plaintiffs confirmed their understanding of this obligation by agreeing to meet the deadlines set by both Orders. [Record Nos. 25 & 28]. Finally, a show cause order was entered to determine the bases, if any, for the Plaintiffs' noncompliance. Inasmuch as they ignored the amicable and numerous requests from opposing counsel, the Plaintiffs have ignored three Orders of this Court. The Court can only conclude that the behavior here demonstrates the clear record of delay or "contumacious" conduct contemplated by *Harmon* sufficient to warrant dismissal. *See Harmon*, 110 F.3d at 366-377.

Second, the Court finds that the Plaintiffs' recalcitrance to cooperate in the discovery process has prejudiced the Defendant in its efforts to defend the claims against it. *See id*. at 367. The Defendant has been forced to expend time and money chasing information that has not been produced and that the Plaintiffs are legally obligated to provide. *See Moses v. Sterling Commerce (America), Inc*., No. 03-4172, 122 Fed. Appx. 177, 183 (6th Cir. 2005) (acknowledging prejudice to defendant who, despite repeated efforts, was unable to obtain discovery from plaintiff).

Third, the Plaintiffs were twice warned that failure to cooperate could lead to dismissal. *See Harmon*, 110 F.3d. at 366. On April 7, 2006, the Court entered an Order requiring the Plaintiffs to show cause as to why this action should not be dismissed with prejudice "for their failure to comply with the February 24, 2006 Order specifically and prosecute this action generally." [Record No. 30]. Specifically, the Court cautioned: "[a]bsent a showing of just cause, this Court warns the Plaintiffs that these failures *may result in dismissal of this action with prejudice* pursuant to applicable federal rules." [Id.] (emphasis added). Moreover, the Plaintiffs were on notice that dismissal was a potential sanction for their noncompliance when the Defendant filed its motion to dismiss [Record No. 29]

on March 8, 2006.  In spite of these multiple warnings and opportunities to comply, the Plaintiffs have not responded in any fashion.

Finally, while less drastic sanctions have not been imposed on these Plaintiff prior to dismissal, this factor alone "is not fatal," particularly where the "derelict party has engaged in bad faith or contumacious conduct."  *Harmon*, 110 F.3d at 367-368.  Because "it is difficult to define the quantity or quality of the misconduct which may justify dismissal with prejudice," this Court has considered whether less drastic sanctions would be appropriate in this case given the Plaintiff's behavior and finds that they are not.  *See id.* at 368-369.

In sum, the record demonstrates that the Plaintiffs have engaged in a persistent and dilatory pattern of intentional delay and disregard for their obligations under both the Federal Rules of Civil Procedure regarding discovery and orders of the court.  Despite opportunities to provide some excuse as to why it should be allowed to continue this action, the Plaintiff has refused to do so.  Accordingly, it is hereby **ORDERED** as follows:

1. The Defendant's Motion to Dismiss [Record No. 29] is **GRANTED**;

2. This action is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket; and

3. The final pretrial conference currently scheduled for February 20, 2007, and the jury trial set for March 20, 2007, are hereby **CANCELED**.

This 26th day of April, 2006.



Signed By:

*Gregory F. Van Tatenhove*

United States District Judge